[ECF No. 19]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **PHILADELPHIA MARINE TRADE ASSOCIATION – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**STOCKLIN & SONS TRAILER COMPANY et al.,**<br><br>**Defendants.** | Civil No. 22-1089 (CPO/SAK) |

**OPINION AND ORDER**

This matter is before the Court on the motion to amend [ECF No. 19] filed by Plaintiffs Philadelphia Marine Trade Association – International Longshoremen's Association Pension Fund and Brian P. O'Hara (collectively, "Plaintiffs"). The Court received the opposition of Defendant Stocklin Trailer Service, Inc. ("STS") [ECF No. 21]. The Court exercises its discretion to decide Plaintiffs' motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Plaintiffs' motion is **DENIED**.

I.  **BACKGROUND**

Plaintiffs filed this action on March 1, 2022 against Defendants Stocklin & Sons Trailer Company ("SSTC") and STS (collectively, "Defendants") seeking to recover, *inter alia*, unpaid withdrawal liability under 29 U.S.C. §§ 1451 and 1132(g). *See generally* Compl. [ECF No. 1]. Specifically, Plaintiffs seek recovery of $45,028.00 in withdrawal liability together with interest, liquidated damages, and attorneys' fees and costs. *See id.* Following service of the summons and

complaint, Defendants failed to timely plead or otherwise defend, and the Clerk entered a default against both Defendants at Plaintiff's request. *See* ECF No. 4.  Shortly thereafter, counsel entered an appearance on STS' behalf and the entry of default against it was vacated. *See* ECF Nos. 5, 9. STS then filed an answer to Plaintiffs' Complaint. *See* STS' Answer [ECF No. 10].  Therein, STS asserts that SSTC "was a sole proprietorship owned exclusively by Norman Stocklin who passed on July 24, 2018." *Id.* ¶ 6.  STS also asserts that "STS is a registered Pennsylvania corporation formed on November 11, 2018 . . . and owned by its sole shareholder, Steven Stocklin." *Id.* ¶ 7. Although "Steven Stocklin worked for his father (Norman Stocklin) as an employee while SSTC operated," STS further asserts that Steven Stocklin "never had any ownership interest in SSTC or control over the financial affairs of SSTC." *Id.* ¶ 6.  Since filing its answer, STS and Plaintiffs have participated in pretrial conferences with the Court and conducted discovery for this action.

Plaintiffs now move for leave to amend the complaint to add Ann Stocklin—the surviving spouse of Norman Stocklin—as an additional defendant in this action. *See* Pls.' Mot. at 1.  Attached to the motion is a copy of Plaintiffs' proposed Amended Complaint [ECF No. 19-6].[1]  Plaintiffs assert "the original contributing employer, Defendant [SSTC,] was a sole proprietorship owned by Norman Stocklin," who "died on July 24, 2018." Mot. Br. at 2 (citing STS' Answer ¶ 6).  However, Plaintiffs contend "contributions continued to be paid by [SSTC] after [his] death." *Id.* (citing STS' Answer ¶ 10).  Plaintiffs therefore aver that these posthumous contributions "were made by Ann Stocklin, not the Estate of Norman Stocklin, as reflected by the couple's 2018 tax return." *Id.*[2]

---

[1] Absent, however, is a copy of the proposed amended pleading indicating "in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added." L. Civ. R. 15.1(a)(2).  Despite this deficiency, the Court will consider Plaintiffs' motion in the interests of expediency.

[2] A copy of the couple's 2018 tax return, as well as records of SSTC's 2018 contribution payments, are attached as exhibits to the motion. *See* Ex. 1 to Pls.' Mot., SSTC's 2018 Contribution Payments [ECF No. 19-4]; *see also* Ex. 2 to Pls.' Mot., Stocklin's 2018 Tax Return [ECF No. 19-5].

Plaintiffs generally argue the proposed amendment is founded upon Plaintiffs' "right to pursue individuals as part of the control group, as the owner of an unincorporated entity." *Id.* at 3 (citing *Trustees of Amalgamated Ins. Fund v. Sheldon Hall Clothing, Inc.*, 862 F.2d 1020, 1024 (3d Cir. 1988)). By and large, the proposed amendment is strikingly similar to the pleading that it purports to amend. While Plaintiffs' failure to submit a marked-up copy of the proposed pleading made the Court's task more onerous than it otherwise would have been, a thorough review reveals the narrow nature of the proposed amendment. All in all, the Court counts ten changes. This includes: nine additions of "Ann Stocklin" scattered throughout the proposed pleading and a single addition to paragraph six regarding SSTC's "unincorporated" status. *See, e.g.*, Am. Compl. ¶¶ 6, 8, 14, 15, 17, 20. Notably, Plaintiffs' factual allegations remain unchanged. The most substantial change is a lone new paragraph within the subsection "Parties," which reads as follows:

> Defendant Ann Stocklin, as the sole owner of Stocklin & Sons Trailer Service is individually liable for the outstanding liabilities of Stocklin and Sons Trailer Service upon the continued operations of the company after the death of her husband, Norman Stocklin.

*Id.* ¶ 8.

STS opposes Plaintiffs' motion on the basis of futility. In sum, STS alleges that Plaintiffs seek to bootstrap liability to Mrs. Stocklin by baldly asserting that she is the sole owner of SSTC. *See* STS' Opp'n at 2. Accordingly, STS reiterates that SSTC "was a sole proprietorship owned by Normal Stocklin." *Id.* In response to Plaintiffs' characterization of the couple's 2018 tax return, STS contends that "Ann Stocklin filed [it jointly] as a surviving spouse and listed her occupation as retired." *Id.* STS also notes the return includes a "Schedule C" form "used to report income or loss from a business operated as a sole proprietorship," in which "Norman Stocklin is identified

3

as the proprietor." *Id.* (noting that "no one else is identified" in this form).[3]  Thus, STS maintains that "Mrs. Stocklin was not and has never been a partner in [SSTC] or STS." *Id.*  The only common denominator among the three is that they all share the same address.  Namely, "a residential home belonging to Steve Stocklin's mother, Ann Stocklin . . . , and late father Norman Stocklin," which STS claims it "was permitted to use as its business address." *Id.*  STS also references, and attaches as an exhibit, its response to Plaintiffs' Interrogatory 3.08, in which it identifies Steve Stocklin as the individual who continued contribution payments following his father's death. *See id.* at 2–3.  Notwithstanding the above, STS argues that "Plaintiffs' proposed amended complaint is devoid of any allegations which state a claim for relief" against Mrs. Stocklin. *See id.* at 4.  Consequently, STS contends the amendment is futile and that Plaintiffs' motion must be denied.

## II. DISCUSSION

### A. Legal Standard

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: '[t]he court should freely give leave when justice so requires.'" *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019).  Notwithstanding this liberal standard, "[d]enial of leave to amend can be based on undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility." *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *United States ex rel. Schumann v. AstraZeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014)); *see United States ex rel. Thomas v. Siemens AG*, 593 F.

---

[3] Another copy of the Stocklin's 2018 tax return is attached as an exhibit to STS' opposition. *See* Ex. A [ECF No. 21-1].  This copy is identical to the copy attached in support of Plaintiffs' motion.

App'x 139, 144 (3d Cir. 2014) (citation omitted) ("A motion to amend a complaint is committed to the sound discretion of the district court.").

"'Futility' means the pleading, as amended, would fail to state a claim upon which relief could be granted," and is analyzed under the same standard of legal sufficiency as a Rule 12(b)(6) motion to dismiss. *Evans v. City of Philadelphia*, 763 F. App'x 183, 185–86 (3d Cir. 2019) (citation omitted).  The Court's inquiry is whether the proposed pleading sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) attack, Rule 8 "requires more than just labels and conclusions." *Id.* at 555 (citation omitted).  In assessing futility, the Court must consider only the proposed pleading and exhibits attached thereto, matters of public record, and undisputedly authentic documents if the party's claims are based upon such documents. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).  "[T]he justification for the integral documents exception is that it is not unfair to hold a plaintiff accountable for the contents of documents it must have used in framing its complaint, nor should a plaintiff be able to evade accountability for such documents simply by not attaching them to his [or her] complaint." *Schmidt v. Skolas*, 770 F.3d 241, 250 (3d Cir. 2014) (citation omitted).

### B. Analysis

At the outset, the Court must note that Plaintiffs' proposed amended complaint purports to reference and cite to three exhibits but includes no attachments.  However, it appears these exhibits are the same three exhibits attached to Plaintiffs' operative complaint.  Accordingly, for purposes of this motion, the Court will assume the exhibits are the same.  In addition, the Court will consider

exhibits 1 and 2 attached to Plaintiffs' motion because Plaintiffs' proposed amended complaint is based upon these documents and their authenticity is not in dispute.[4]

Here, the Court finds that Plaintiffs' motion must be denied because the proposed pleading is markedly vague and deficient for a number of reasons. To start, the pleading is simply devoid of any factual allegations pertaining to Ann Stocklin. In fact, the lone new paragraph incorporated into the pleading contains more legal conclusions than facts. *See, e.g.*, Am. Compl. ¶ 8 (describing her "as the sole owner" who "is individually liable for the outstanding liabilities"); *see generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Even the facts pleaded therein find themselves inextricably linked to legal conclusions and in dire need of "further factual enhancement." *Iqbal*, 556 U.S. at 678; *see Twombly*, 550 U.S. at 555 (citation omitted) ("[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"). For example, Plaintiffs premise Mrs. Stocklin's liability, in part, "upon the continued operations of the company after the death of her husband." Am. Compl. ¶ 8. Yet it is not entirely clear if Plaintiffs are alleging Mrs. Stocklin continued these operations, or more generally, that the company did. Without more, the proposed amendment fails to satisfy federal pleading standards and appears to be a haphazard attempt to bootstrap liability to Mrs. Stocklin, as STS suggests. For this reason alone, the Court finds that Plaintiffs' proposed amendment is futile.

---

[4] The Court notes that Defendant STS attached an identical copy of exhibit 2 in its opposition and did not dispute its authenticity therein. *See* Ex. A to STS' Opp'n. Instead, STS largely relied upon this document in opposing Plaintiffs' motion. While exhibit 1 was not included with its opposition, STS implicitly conceded the authenticity of its contents by proffering alternative explanations for the continued contribution payments by SSTC following the death of Norman Stocklin.

More critically, however, the Court finds that Plaintiffs' proposed amendment is entirely unsupported by the integral documents Plaintiffs purportedly relied upon in framing it. Rather, these documents only demonstrate that SSTC was a sole proprietorship owned exclusively by Norman Stocklin—not Ann Stocklin. Specifically, the redacted copy of the couple's 2018 joint tax return expressly lists Ann Stocklin's occupation as "RETIRED." *See* Ex. 2 to Pls.' Mot, at 1. Moreover, the subsequent page is a Schedule C form used by sole proprietorships with the "Name of proprietor" identified as: "NORMAN STOCKLIN JR." *Id.* at 2. The Court is at a loss as to how this document could be construed otherwise. Turning to the spreadsheet containing payment contributions made by SSTC in 2018, the Court finds itself similarly confounded. While the document certainly shows that contributions continued to be made by SSTC after Norman Stocklin's death, it certainly does not show that such payments were made by Ann Stocklin. *See* Ex. 1 to Pls.' Mot. In fact, the only identifying information in these documents relate to Steven Stocklin and STS, not Ann Stocklin. *See id.* at 1 (showing the "PARTICIPANT NAME" as "STOCKLIN STEVEN"); *see also id.* at 2 (naming "STOCKLIN TRAILER SERVICE, INC."). To be clear, the Court makes no finding as to what these documents show. The Court simply finds that the documents do not stand for the propositions put forth by Plaintiffs. Were these documents to be included as attachments to the proposed amendment, the documents themselves would render Plaintiffs' claims directed at Ann Stocklin therein futile. The Court, therefore, finds the proposed amendment is futile and will deny Plaintiffs' motion.

### III.     CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **19th** day of **April**, **2023**, that Plaintiffs' motion to amend [ECF No. 19] is **DENIED**.

s/ Sharon A. King<br>
SHARON A. KING<br>
United States Magistrate Judge

cc:  Hon. Christine P. O'Hearn, U.S.D.J.