**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

PHILADELPHIA MARINE TRADE
ASSOCIATION-INTERNATIONAL
LONGSHOREMEN'S ASSOCIATION
PENSION FUND *et al.*,

            Plaintiffs,

    v.

STOCKLIN & SONS TRAILER
COMPANY *et al.*,

            Defendants.

No. 1:22-cv-01089

**ORDER**

---

**O'HEARN, District Judge.**

**WHEREAS,** this matter comes before the Court on a Motion for Default Judgment by Plaintiffs Philadelphia Marine Trade Association-International Longshoremen's Association Pension Fund and Brian O'Hara, Administrator, (collectively, "Plaintiffs") (ECF No. 35); and

**WHEREAS,** Federal Rule of Civil Procedure 55(b)(2) permits a court to enter default judgement against a properly served defendant who fails to respond; and

**WHEREAS,** "before the Court can enter default judgment, it must find that process was properly served on the Defendant," *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper*, Inc., 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)), and "the party asserting the validity of service bears the burden of proof on that issue," *Grand Ent. Grp., Ltd. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993); and

**WHEREAS**, Plaintiffs allege that they properly effected service on March 18, 2022, by

serving Ann Stocklin, the executor of the estate of Norman Stocklin, the owner of Defendant Stocklin & Sons Trailer Company ("SSTC"), and a resident of the business address of SSTC (Pla. Br., ECF No. 35 at 3–4); and

WHEREAS, Plaintiffs cite to Federal Rule of Civil Procedure 4(e)(1) and Pennsylvania Rule of Civil Procedure 402(a)(2)(iii) in arguing SSTC was properly served (Pla. Br., ECF No. 35 at 4); and

WHEREAS, Rule 4(e)(1) discusses service upon an individual and Pennsylvania Rule 402 (a)(2)(iii) states that service may be effected at "any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof;" and

WHEREAS, Plaintiffs' brief in support of its motion does not discuss the legal standard for effecting proper service on a sole proprietorship such as SSTC, particularly in light of the passing of its owner, Norman Stocklin; and

WHEREAS, Plaintiffs fail to provide any factual basis from which the Court can conclude that Ann Stocklin, as executor of Norman Stocklin's will, was an agent authorized to accept service on behalf of SSTC on March 18, 2022, and after Norman Stocklin purportedly left the sole proprietorship to his son, Steven Stocklin, in his will in July 2018 (Pla. Br., ECF No. 35 at 4); and

WHEREAS, it is thus unclear if Ann Stocklin was factually or legally authorized to accept service on behalf of SSTC at the time of service on March 18, 2022; and

WHEREAS, Plaintiffs have therefore not met their burden to show proper service; therefore,

IT IS on this  31st  day of  January , 2024,

ORDERED that Plaintiffs' Motion for Default Judgement, (ECF No. 35), is DENIED without prejudice; and it is

**FURTHER ORDERED** that if Plaintiffs determine to file another motion for default judgment, it must be supported by a legal brief that fully addresses the legal and factual issues related to proper service upon this Defendant.

**CHRISTINE P. O'HEARN**
**United States District Judge**